UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RECEIVED-CLERK
U.S. DISTRICT COURT

2005 JAN 26  P 3:53

| | | |
|---|---|---|
| CLEVELAND A. JOHNSON, | : | DOCKET NO. |
| Plaintiff, | : | Civil Action |
| -vs- | : | Complaint and Jury Demand |
| CITY OF NEWARK, JOANNE WATSON, LIEUTENANT RICHARD MORENO, LIEUTENANT INEZ GONZALEZ, SERGEANT MARION REYNOLDS, SERGEANT WILLIAM PEREZ, DETECTIVE ROBERT PRACHARD, DETECTIVE ANTHONY ROBERTS, and JOHN DOE 1-X | : | 05-531 (KSH) |
| Defendants. | : | |

Plaintiff, Cleveland A. Johnson, complaining of the Defendants, says:

1. This is a civil action seeking damages against defendants for: committing acts, under color of law, and deprived Plaintiff of rights secured by the Constitution and laws of the United States. Defendants, while acting in their capacities as police officers in the City of Newark, County of Essex, State of New Jersey, deprived plaintiff of his property without due process of law, thereby depriving plaintiff of his rights, privileges, immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States. The Court jurisdiction of this action under 42 U.S.C. Section 1983 and 28 U.S.C. Section 1343.

The jurisdiction of this Court is further invoked pursuant to 28 U.S.C. Section 1331 and pursuant to 28 U.S.C. Section 1343 and, 42 U.S.C. Section 1981, 42 U.S.C. Section 1985, 42 U.S.C. Section 1988.

2. Plaintiff, Cleveland A. Johnson is a citizen and resident of the City of Newark, State of New Jersey, and the United States.

3. Defendant, City of Newark, is a municipal corporation, organized under the laws of the State of New Jersey.

4. Defendant, Joanne Watson, was corporation counsel and Director of the Law Department of the City of Newark, at all times relevant to this complaint.

5. Defendants, Lieutenant Richard Moreno and Lieutenant Inez Gonzalez, on information and belief were Supervisors and District Commanders of the East District of the Police Department of the City of Newark at all times relevant to this complaint.

6. Defendants, Lieutenant Richard Moreno, Badge Number 6684, Lieutenant Inez Gonzalez, Badge Number    , Sergeant Marion Reynolds, Badge Number 7141, Sergeant William Perez, Badge Number    , Detective Robert Prachard, Badge Number    , and Detective Anthony Roberts, Badge Number    , were, at all times material to this complaint, duly appointed police officers of the City of Newark, assigned to East District of the Newark Police Department. At all times material to this complaint, these defendants acted toward plaintiff under color of the statutes, ordinances, customs, and usage of the State of New Jersey, City of Newark, and the Newark Police Department.

7. Defendant, John Doe 1-X, and others not presently known to the plaintiff were, at all times material to this complaint, duly appointed agents or police officers of the City of Newark. At all times material to this complaint, these defendants acted toward plaintiff under color of the statutes, ordinances, customs, and usage of the State of New Jersey, City of Newark, and the Newark Police Department.

8. Plaintiff sues all defendants in their official and individual capacities.

9. Defendant, John Doe 1-X is a fictitious name intended to represent the true name of presently unknown defendants who violated plaintiff.

10. Defendants, Lieutenant Richard Moreno and Lieutenant Inez Gonzalez, on information and belief were Supervisors or District Commanders of the East District of the Newark Police Department of the City of Newark at all times herein relevant.

## COUNT I

Plaintiff alleges and repeats paragraphs 1 through 10 as paragraphs 1 through 10 of this count with the same force and effect as if set fourth fully herein.

11. At all times herein relevant Plaintiff was employed by the City of Newark in the office of the Corporation Counsel as a Legal Assistant.

12. At all times herein relevant the Defendant, Joanne Watson was the supervisor and director of the Office of the Corporation Counsel for and on behalf of the City of Newark and was the supervisor of the legal department which directed Plaintiff's daily work activities and on information and belief directed the investigation of the matter which culminated in plaintiff's wrongful arrest, imprisonment, and wrongful detention.

13. On information and belief on or about April 9, 2003 the Defendant Sergeant Marion Reynolds Jr., #7141 (herein Reynolds) began an investigation entitled cent. Complaint no.: 32657-03 regarding a certain copy of a letter (herein **the Beverly letter**) which was in the possession of one Timothy Beverly at the time of his arrest by the Paulsboro, New Jersey Police Department.

14. The official police report of Defendant, Reynolds relates that the letterhead on the photocopy "listed Michelle Hollar-Gregory as Corporation Counsel and Claudia

J. Francis as Municipal Prosecutor". The letter was dated September 9, 2002 and the signature purported to be that of Cleveland A. Johnson was on the photocopy of the document. Neither Michelle Hollar-Gregory, Esq. or Claudia J. Francis, Esq. were employed by the City of Newark on September 9, 2002.

15. At the same time and place a determination was made by Defendant Reynolds and Defendant Moreno that the photocopy of the letter was fraudulent and that the Plaintiff was a participant in the authorship and/or perpetration of such fraud.

16. At the same time and place Defendant Joanne Watson was informed regarding "**the Beverly letter**" and on information and belief directed an investigation of the "Source of the fraudulent letter."

17. On information and belief on or about March 21, 2003, the person who possessed "**the Beverly letter**", to wit Timothy Beverly reported to the Defendant Reynolds that he did not know Plaintiff and did not know the letter was fraudulent and indicated that he received "**the Beverly letter**" from his wife.

18. According to the police report, Timothy Beverly's wife related in a sworn statement that the letter was received from Mr. Cleveland Johnson, an employee of the City of Newark. Mrs. Beverly further indicated that she did not pay Mr. Johnson for "**the Beverly letter**" and did not know that it was fraudulent.

19. The Defendants and each of them negligently failed to investigate the truth, veracity and authenticity of the "copy" of the letter possessed by Timothy Beverly and Cheryl Beverly on or about May 22, 2003. Determination was made that the Plaintiff Cleveland Johnson had participated in criminal activity without ever examining the original of "**the Beverly letter**".

20. The Defendant swore out a complaint against the plaintiff alleging that while acting in his official capacity with corrupt purpose to obtain a benefit for himself acted in as unauthorized manner knowing such act is unauthorized in violation N.J.S. 2C:30-2 and that the plaintiff did commit the act of forgery specifically by signing a document that he was not authorized to do so in violation of N.J.S. 2C:21-1. As a result of the charges plaintiff was arrested, imprisoned for more than two days posted bail, was fingerprinted and criminally processed and began his defense in criminal court for changes which were false and baseless. The complaint alleges that these crimes occurred on September 9, 2002.

21. These charges were dismissed on motion of prosecution on November 18, 2003 before the Superior Court of New Jersey before the Honorable Paul Danielle presiding. The dismissal was the final determination of these charges.

22. As a result of their concerted unlawful and malicious mental/physical abuse arrest and confinement of Plaintiff, Defendants Joanne Watson, Lieutenant Richard Moreno, Lieutenant Inez Gonzalez, Sergeant Marion Reynolds, Sergeant William Perez, Detective Robert Prachard and Detective Anthony Roberts deprived Plaintiff of his right to equal protection of the laws and impeded the due course of justice, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. Section 1983 and such other laws acted herein and as provided for the protection of rights otherwise guaranteed pursuant to the Constitution of the United States of America.

**WHEREFORE**, Plaintiff, Cleveland A. Johnson demands judgment against Defendants Joanne Watson, Lieutenant Richard Moreno, Lieutenant Inez Gonzalez,

Sergeant Marion Reynolds, Sergeant William Perez, Detective Robert Prachard and Detective Anthony Roberts, jointly and severally, for compensatory damages in the amount of $5,000,000.00 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $5,000,000.00, plus the costs of this action, legal fees, and such other relief as the Court deems just and equitable.

## COUNT II

1-22. Plaintiff re-alleges paragraphs 1-21 of Count I as paragraphs 1-21 of this count and hereby incorporates them as though fully set forth herein.

23. Neither at the time of the arrest, as stated in paragraph 20 above, nor at any other time was Plaintiff informed of the grounds for said arrest.

24. Plaintiff was transported to East District Police Station of the Newark Police Department where he was incarcerated for approximately 2 days.

25. As a result of their concerted unlawful and malicious arrest of Plaintiff, Defendants Joanne Watson, Lieutenant Richard Moreno, Lieutenant Inez Gonzalez, Sergeant Marion Reynolds, Sergeant William Perez, Detective Robert Prachard and Detective Anthony Roberts deprived Plaintiff of his liberty without due process of law and deprived him of equal protection of the laws, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. Section 1983.

26. As a result of their concerted, unlawful and malicious incarceration and confinement of Plaintiff, Defendants Joanne Watson, Lieutenant Richard Moreno, Lieutenant Gonzales, Sergeant Marion Reynolds, Sergeant William Perez, Detective

Robert Prachard and Detective Anthony Roberts deprived Plaintiff of his liberty without due process of law and deprived him of equal protection of the laws, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. Section 1983.

**WHEREFORE**, Plaintiff, Cleveland A. Johnson demands judgment against Defendants Joanne Watson, Lieutenant Richard Moreno, Lieutenant Gonzales, Sergeant Marion Reynolds, Sergeant William Perez, Detective Robert Prachard and Detective Anthony Roberts jointly and severally, for compensatory damages in the amount of $5,000,000.00, and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $5,000,000.00, plus the costs of this action, legal fees, and such other relief as the Court deems just and equitable.

## COUNT III

1-26. Plaintiff re-alleges each and every allegation of paragraphs 1-26 of Count II as paragraphs 1-26 of Count III and hereby incorporates them in this Count as though fully set forth herein.

27. At all times relevant to this Complaint, Defendants Joanne Watson, Lieutenant Richard Moreno, Lieutenant Gonzales, Sergeant Marion Reynolds, Sergeant William Perez, as agents or employees of the City of Newark and/s43z3cxz1or police officers of the Newark Police Department, were acting under the instruction and control of Defendants' Supervisors and Defendant City of Newark, New Jersey.

28. Acting under color of law, Defendants Joanne Watson, Lieutenant Richard Moreno, Lieutenant Gonzales, Sergeant Marion Reynolds, Sergeant William Perez, and City of Newark, New Jersey negligently failed to instruct, supervise, control, and

discipline on a continuing basis, Defendant police officers in their duties to refrain from: (1) unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities; (2) unlawfully and maliciously arresting, imprisoning, and prosecuting a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities; (3) conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and the laws of the State of New Jersey; and (4) otherwise depriving Plaintiff of his constitutional and statutory rights, privileges, and immunities.

29. Defendants Joanne Watson, Lieutenant Richard Moreno, Lieutenant Gonzales, Sergeant Marion Reynolds, Sergeant William Perez, and City of Newark, New Jersey had actual knowledge that Defendant police officers and other police officers had previously and persistently committed the acts described in Count I and Count II above or, had they diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done had taken place and were highly likely to continue to take place. Defendants Joanne Watson, Lieutenant Richard Moreno, Lieutenant Gonzales, Sergeant Marion Reynolds, Sergeant William Perez, and City of Newark, New Jersey had power to prevent or aid in the prevention of the commission of said wrongs, could have done so by reasonable diligence, grossly and recklessly neglected or refused to do so.

30. Defendants Joanne Watson, Lieutenant Richard Moreno, Lieutenant Gonzales, Sergeant Marion Reynolds, Sergeant William Perez, had the authority and

were required by statute or ordinance of the State of New Jersey or City of Newark to exercise due diligence to instruct, supervise, control, and discipline on a continuing basis, Defendant police officers, and said Defendants Joanne Watson, Lieutenant Richard Moreno, Lieutenant Gonzales, Sergeant Marion Reynolds, Sergeant William Perez, intentionally or recklessly failed to perform such duties as required by state law or municipal ordinance.

31. Defendants Joanne Watson, Lieutenant Richard Moreno, Lieutenant Gonzales, Sergeant Marion Reynolds, Sergeant William Perez, and City of Newark, New Jersey, directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless and wanton conduct of Defendant police officers already described.

32. As a direct and proximate cause of the grossly and recklessly negligent and intentional acts of Defendants Joanne Watson, Lieutenant Richard Moreno, Lieutenant Gonzales, Sergeant Marion Reynolds, Sergeant William Perez, and City of Newark, New Jersey as set forth in paragraphs 1-31 above, Plaintiff suffered physical injury, loss of income, medical expenses, and severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. Section 1983.

**WHEREFORE**, Plaintiff, Cleveland A. Johnson demands judgment against Defendants Joanne Watson, Lieutenant Richard Moreno, Lieutenant Gonzales, Sergeant Marion Reynolds, Sergeant William Perez, Detective Robert Prachard and Detective Anthony Roberts and City of Newark, New Jersey, jointly and severally, for

compensatory damages in the amount of $5,000,000.00, and further demands against each of said Defendants, jointly and severally, for punitive damages in the amount of $5,000,000.00, plus the costs of this action, legal fees, and such other relief as the Court deems just and equitable.

## COUNT IV

1-32 plaintiff re-alleges and repeats each and every allegation set forth in paragraph 1 - 32 as paragraphs 1-32 of this count and hereby incorporates them as though fully set forth herein.

33. On May 23, 2003 plaintiff was arrested upon a warrant which unlawfully and maliciously charged him with official misconduct and forgery. The plaintiff was taken to the Newark City Jail where he was detained maliciously for more than two days.

34. By reason of the illegal arrest of the plaintiff and his unlawful detention and imprisonment plaintiff was required to and did retain and employ legal counsel to have bail set and enter pleas of Not Guilty and secure plaintiff's release in proceedings before the City of Newark Municipal Court. The matter was referred to the Essex County Grand Jury after the initial appearances.

35. Plaintiff incurred reasonable legal fees of $17,500.00. As a result of the charges plaintiff suffered loss of income from his employment and a loss of standing and opportunity for advancement.

36. An indictment was never returned against the plaintiff and the charges were dismissed on the motion of the prosecutor of Essex County on November 18, 2003

before the Superior Court of New Jersey the Honorable Paul R. Daniele, Presiding. The dismissal was a final determination of the charges.

37. On or about May 22, 2003 the plaintiff forwarded to the defendant Joann Watson a letter of grievance which complained of a pattern of persistent harassment charges and a hostile work environment. Unknown to plaintiff at the time the investigation of the Beverly letter had been commenced beforehand within the law department many months before, which investigation was based solely on hearsay, self serving information and innuendo from Timothy Beverly and Cheryl Beverly and not supported by any competent evidence. On information and belief the defendants and each of them concluded the investigation without the production of any original document or signature. The plaintiff was recklessly and maliciously charged with violating the criminal statutes of New Jersey without reasonable or probable cause as aforesaid.

38. The investigation prior to the arrest of the plaintiff was conducted by each named defendant in concert with each other and they knew or with reasonable diligence and prudence should have known that the charges were false and without a reasonable basis and without probable cause in law or in fact.

39. On the same day of the letter of complaint to Watson, Esquire May 22, 2003 on information and belief defendant Watson participated in or directed the criminal investigation and directed that departmental charges be preferred against the plaintiff and he was unlawfully and maliciously suspended from his position with the legal department without pay and was not permitted to resume his position until more than six months thereafter.

40. All matters were concluded in plaintiff's favor without a finding of guilt or fault. The criminal charges having been dismissed as herein set forth.

41. As the direct and proximate cause of the wantonly reckless and malicious arrest and prosecution of plaintiff, plaintiff has suffered great damage including physical and emotional injury, loss of income, legal expenses, irreparable damage to his reputation, embarrassment, ridicule and severe mental anguish in connection with the deprivation of his constitutional rights including his right to equal protection of the laws and impeding the due cou4se of justice in violation of the fifth and fourteenth amendments to the constitution of the United States of America.

**WHEREFORE**, Plaintiff, Cleveland A. Johnson demands judgment against Defendants Joanne Watson, Lieutenant Richard Moreno, Lieutenant Gonzales, Sergeant Marion Reynolds, Sergeant William Perez, Detective Robert Prachard and Detective Anthony Roberts and City of Newark, New Jersey, jointly and severally, for compensatory damages in the amount of $5,000,000.00, and further demands against each of said Defendants, jointly and severally, for punitive damages in the amount of $5,000,000.00, plus the costs of this action, legal fees, and such other relief as the Court deems just and equitable.

William J. Ewing, P.C.
Attorneys for Plaintiff

By: _____
William J. Ewing, Esquire
70 Park Street, Suite 200
Montclair, New Jersey 07042
(973) 746-9898 Telephone
(973) 746-7738 Facsimile

Dated: January 21, 2005

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

                          William J. Ewing, P.C.
                          Attorneys for Plaintiff

By: *[signature]*
William J. Ewing, Esquire
70 Park Street, Suite 200
Montclair, New Jersey 07042
(973) 746-9898 Telephone
(973) 746-7738 Facsimile

Dated: January 21, 2005